UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DENNIS WAYNE BLANCHARD,

Petitioner,

v.                                                  Civil No. 4:22-CV-489-P

BOBBY LUMPKIN, Director,
TDCJ- CID,

Respondent.

OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Dennis Wayne Blanchard ("Blanchard"), a state prisoner confined in the Powledge Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Blanchard, the Court has concluded that the petition should be dismissed with prejudice as barred by the applicable statute of limitations.

I.      BACKGROUND

Blanchard is in custody pursuant to the judgment and sentence of the Criminal District Court Number 3 of Tarrant County, Texas in cause number 1236936R. CR 189, ECF No. 10-7; SHCR-03 at 6, ECF No. 10-20.[1] A grand jury indicted Blanchard for committing the second-degree felony intoxication manslaughter with the use of a deadly weapon. CR at 2, ECF No. 10-7; SHCR-03 at 4, ECF No. 10-20. Blanchard pleaded not guilty but on June 24, 2011, a jury found him guilty and assessed punishment at twenty years imprisonment. CR 189: SHCR-03 at 6, ECF No. 10-20.

Blanchard timely filed a notice of appeal. CR 194, ECF No. 10-7. On April

---

[1]. "CR" refers to the clerk's record on appeal followed by the page number. "SHCR" refers to the Clerk's Record of pleadings and documents filed with the state court during Petitioner's state habeas court proceedings. *See generally, Ex parte Blanchard*, App. No. 86,414-03.

25, 2013 the Second Court of Appeals affirmed his conviction in an unpublished opinion. *Blanchard v. State*, 02-11-00267-CR, 2013 WL 1759905 (Tex. App.-Fort Worth, 2013, no pet.). Blanchard did not file a petition for discretionary review.[2] He did filed three state habeas applications, the first two of which were dismissed as noncompliant, while the third was denied without written order based on the findings of the trial court and the court's own independent review of the record. See SHCR-01, ECF No. 10-11; SHCR-02, ECF No. 10-13; SHCR-03, ECF No. 10-19 "Action Taken" sheets. Blanchard constructively filed his § 2254 petition on May 6, 2022.[3] Pet. 15, ECF No. 1.

## II.     ISSUES

The Court understand's Blanchard' claims to be as follows:

1. The indictment was fatally defective and did not invest the court with jurisdiction.
2. His conviction was obtained by the use of tainted, contaminated evidence.
3. The prosecutor's opening argument misled the jury by referencing false, misleading testimony.
4. He received ineffective assistance of counsel on appeal for failure to raise ineffective assistance of trial counsel.
5. He was mentally incompetent to stand trial.

Pet. 6-10, 23-33, ECF No. 1.

## III.     RULE 5 STATEMENT

---

2. *See* https://search.txcourts.gov/CaseSearch.aspx?cn=02-11-00267-CR&coa=coa02 (last visited March 7, 2023).

3. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a pro se petitioner's federal petition is filed on the date it is placed in the prison mail system). Blanchard's petition was file-stamped on June 6, 2022, but he declared he placed the petition in the prison mail system on May 6, 2022. Pet. 15, ECF No. 1. Thus, that is the earliest date it could be deemed filed.

The Respondent argues that the § 2254 petition in this case is barred by limitations. 28 U.S.C. § 2244(d). The Respondent reserved the right to argue exhaustion and procedural bar, pending the Court's resolution of the time-bar issue. 28 U.S.C. § 2254(b).

## IV.   ANALYSIS/LIMITATIONS

### A.   Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the

3

claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As an initial matter, the record does not indicate that any unconstitutional
"State action" prevented Blanchard from filing for federal habeas corpus relief prior
to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Blanchard's
claims do not concern a constitutional right recognized by the Supreme Court within
the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. §
2244(d)(1)(C). Finally, Blanchard has not shown that he could not have discovered
the factual predicate of his claims until a date subsequent to the date his conviction
became final. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the date the limitations
period began to run on Blanchard's claims is "the date on which the judgment
became final by the conclusion of direct review or the expiration of the time for
seeking such review," 28 U.S.C. § 2244(d)(1)(A).

Convictions become final for the purposes of § 2244(d)(1)(A) when the
availability of direct appeal to the state courts has been exhausted and the time for
filing a petition for writ of certiorari has elapsed or a timely filed petition has been
denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). The judgment
and sentence for Blanchard's conviction in cause number 1236936R was entered on
June 24, 2011. CR 189-90, ECF No. 10-7. On April 25, 2013, the Second Court of
Appeals affirmed his conviction in an unpublished opinion. *Blanchard*, 2013 WL
1759905 at *1. Thus, Blanchard's conviction became final on May 27, 2013,[4] when
the thirty day time for filing a petition for discretionary review with the Texas Court
of Criminal Appeals expired. See Tex. R. App. P. 68.2(A) ("The petition must be

---

4. The end of the 30-day period, May 25, 2013, fell on a Saturday. Therefore, Blanchard's
conviction became final the following Monday, May 27, 2013. *See Flanagan v. Johnson*,
154 F.3d 196, 202 (5th Cir. 1998) (Fed. R. Civ. Proc. 6(a) applies to the computation of the
limitations period.).

4

filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals"). Therefore, the one-year limitation period for filing a federal petition under § 2244(d)(1)(A) expired one year later on May 27, 2014, absent any application of statutory or equitable tolling.

### 1.      Statutory Tolling Under 28 U.S.C. § 2244(d)(2)

The AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). None of Blanchard's different state habeas applications toll the limitations period because they were each filed after the limitations period expired. *See* SHCR-01 (January 5, 2017, ECF No. 10-12); SHCR-02 (May 14, 2019, ECF No. 10-14); and SHCR-03 (January 13, 2022, ECF No. 10-20); *see also Scott v. Johnson*, 227 F.3d. 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.")  Moreover, Blanchard's first two state habeas applications also fail to invoke the tolling provision of § 2244(d)(2) because, as noted in the Background section,  they were each dismissed as non-compliant and were therefore, not properly filed. *See generally North v. Davis*, 800 F. App'x 211, 214 (5th Cir. 2020) (noting that "'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements"). Therefore, the instant federal § 2254 petition, filed in May 2022,  is filed several years too late.

### 2.      Equitable Tolling

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605

(5th Cir. 2006)). The petitioner bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000).

Nothing in the record suggests the state misled Blanchard. Furthermore, ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder*, 204 F.3d at 171; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Davis*, 158 F.3d at 808-12; *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *see also Flanagan*, 154 F.3d at 198-99 (petitioner's failure to discover the significance of the operative facts does not constitute cause).

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Blanchard has failed to diligently pursue such relief because he filed his state habeas applications after the limitations period expired and then filed his federal petition over several years too late. *See Fisher*, 174 F.3d at 713 (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.")

In sum, as Blanchard's § 2254 petition was filed far beyond the applicable one-year deadline from finality of judgment, and as he has not shown that he is entitled to statutory or equitable tolling, the petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations.

## V.    CONCLUSION

It is therefore **ORDERED** that Dennis Wayne Blanchard's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day** of **March 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE